**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER

Appellate case name:      Chikevia Rena Roberts v. The State of Texas

Appellate case number:   01-12-00723-CR
01-12-00724-CR
01-12-00725-CR

Trial court case number:  1305295, 1305843 & 1305927

Trial court:                    337th District Court of Harris County

Appellant's brief was due in this appeal on January 2, 2013. Appellant's retained counsel failed to file a brief and has failed to file a response to this Court's late brief notice.

Accordingly, we abate this appeal and remand the case to the trial court for a hearing at which a representative of the Harris County District Attorney's office, appellant's counsel Lott J. Brooks III, and appellant shall be present in person. If appellant is now incarcerated, she may appear by closed video teleconference.[1]

The trial court shall have a court reporter record the hearing. The trial court is directed to:

(1) determine whether appellant wishes to prosecute the appeal;
(2) if appellant does wish to prosecute the appeal, determine whether Lott J. Brooks III has abandoned the appeal;
(3) if Brooks has not abandoned the appeal:
   a.    inquire of counsel the reasons, if any, that he has failed to file a brief on appellant's behalf;
   b.    determine whether appellant has paid counsel's fee for preparing an

---

1    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request, appellant and her counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

appellate brief and determine whether appellant has made any other necessary arrangements for filing a brief; and

    c.    order Brooks to file a brief on behalf of appellant no later than 30 days from the date of the hearing, regardless of whether this Court has yet reinstated the appeal;

(4)  if Brooks has abandoned this appeal, or if Brooks is permitted to withdraw, enter a written order relieving Brooks of his duties as appellant's counsel, and:

    a.    determine whether appellant wishes to hire another attorney, and if so, set a hearing no later than 20 days from the date of the first hearing by which appellant must hire an attorney and at which the attorney must appear before the trial court so that the trial court may enter the new attorney's information; or,

    b.    if appellant does not wish to hire another attorney, admonish appellant of the dangers and disadvantages of self-representation, and determine whether appellant is knowingly and intelligently waiving her right to counsel and, if so, obtain a written waiver of the right to counsel and set a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing; or,

    c.    if appellant now claims to be indigent, determine whether appellant is indigent and if appellant is indigent, appoint substitute appellate counsel at no expense to appellant.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (d)(1), (f) (West Supp. 2012); TEX. R. APP. P. 38.8(b).

The trial court shall have a court reporter record the hearing and file the reporter's record with the Court **no later than 30 days from the date of this order**. Additionally, the trial court's findings and recommendations and any orders issued pursuant to this hearing shall be included in a supplemental clerk's record and filed in this Court **no later than 30 days from the date of this order**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record of the hearing are filed in this Court. **The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.**

It is so ORDERED.

Judge's signature: /s/ Justice Evelyn V. Keyes
          ☑ Acting individually    ☐ Acting for the Court

Date: February 20, 2013